**Adam D. Ford** (UTB# 11363)
**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
4161 N. Thanksgiving Way, Suite 300
Lehi, UT 84043
Telephone: (801) 331-8668
Email: adam.ford@fordcranelaw.com
         matthew.crane@fordcranelaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN FORD,<br><br>              Plaintiff,<br>vs.<br><br>TIMP VALLEY FLORAL INCORPORATED, a Utah Corporation, and John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.<br><br>              Defendants. | **COMPLAINT**<br><br>Case No. 2:16-CV-00644-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Carolyn Ford, by and through her attorneys Adam D. Ford and Matthew B.

Crane of Ford & Crane PLLC hereby files complaint against Timp Valley Floral Incorporated, a

Utah corporation, John Does I – X, Corporations I – X and/or Limited Liability Companies I –

X, and alleges as follows:

## INTRODUCTION

1.      This action seeks redress against Defendant in the form of declaratory relief and a permanent injunction to enjoin Defendant's unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2] as well as causes of action under Utah State law as set forth below. Defendant maintains illegal architectural barriers to access on its premises and has failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2.      On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard").  These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36.  Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere in in order to comply with the ADA.

3.      Even if the non-conforming barriers were constructed prior to 1990, places of public accommodation must comply with the 1991 Standard if compliance is readily achievable.[4]

---

[1] 42 U.S.C. §12181 *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12181(2)(A).

4.      On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

5.      Any site that has undergone renovations since March 2012 must fully comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard alone.[5]

6.      Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendant.

7.      Defendant's unlawful violations of the ADA also constitute a nuisance as defined by Utah Code Ann. §78B-6-1101(1) which defines the term as "anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Any person whose health, use of property and/or personal enjoyment is lessened by an obstruction may bring suit to enjoin or abate the nuisance and recover damages under Utah Law.

8.      Defendant should also be disgorged of its wrongful financial gains, all economic benefits of its non-compliance, under principles of unjust enrichment and equity.

---

[5] 28 C.F.R. 36.406(a).

## PARTIES, JURISDICTION AND VENUE

9.      Plaintiff Carolyn Ford is a citizen and resident of the State of Utah.

10.     Plaintiff suffers from pernicious anemia which severely impairs her balance and leaves her unable to stand for more than short periods.  Plaintiff has also been diagnosed with Stiff Person Syndrome (SPS), which is a rare disease which manifests by the stiffening of the muscles that leaves her with limited ability to bend her legs and walk.

11.     Because of Plaintiff's impairments above, she must use assistive devices for mobility—a walker for moving short distances and a wheelchair for any extended travel. Often she is unable to move with her walker at all and on some days is completely confined to her wheelchair.

12.     Plaintiff received a permanent disability handicapped parking permit from the State of Utah approximately a decade ago.

13.     Timp Valley Floral Incorporated ("Timp Valley") is a Utah corporation that owns the property located at 445 E. State Rd., American Fork, Utah 84003 (the "Premises").

14.     Timp Valley operates a business on the Premises.

15.     The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendant's conduct business herein.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates the foregoing paragraphs herein.

19.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[6]

20.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[7]

21.     Plaintiff Carolyn Ford lives with a permanent disability and must use a walker or a wheelchair for mobility.

22.     Defendant owns the Premises and/or leases space or operates a business located at the Premises.  Defendant offers goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

23.     Plaintiff has visited the Premises on several occasions, using her wheelchair, and has encountered barriers to access, which make it impossible for her to fully enjoy the goods and services offered.

24.     The architectural barriers to access on Defendant's Premises include but are not limited to the following:

---

[6] 42 U.S.C. §12101.
[7] 42 U.S.C. §12181(2)(A).

25.     The Premises has no van accessible space, access aisle or sign as required by ADAAG.[8]

26.     No signs are located sixty (60) inches above the ground surface so that they are not obscured by a vehicle parked in the space.[9]

27.     Handicapped spaces lack signs with the International Symbol of Accessibility as required by ADAAG.[10]

28.     The Premises has no access aisles as required by ADAAG.[11]

29.     There is no accessible route to the entrance of the business as required by ADAAG.[12]

30.     The accessible route has a cross slope exceeding 1:50 (1990) and 1:48 (2010), specifically 5.8% in front of the main entrance in the front.[13]

31.     The accessible route sidewalk to the entrance includes sections which exceed the maximum allowable cross slope of 1:50 (2%) (1991 Standard) and 1:48 (2.0833%)(2010 Standard) under ADAAG.[14]

32.     Removal of the architectural barriers to access is readily achievable and could be completed by Defendant without significant difficulty or expense.

---

[8] 1991 Standard §§4.7.2, 4.7.5.; 2010 Standard §§406.2, 406.3, 406.4, 502.2, 502.3, 502.4.
[9] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[10] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[11] 1991 Standard §4.6.6; 2010 Standard §502.3.
[12] 1991 Standard §4.3; 2010 Standard §400-410 et al.
[13] 1991 Standard §4.3.7; 2010 Standard §403.3.
[14] 1991 Standard § 4.3.7; 2010 Standard §403.3.

33.     No notice to Defendant is required under ADAAG as a result of Defendant's failure to cure the violations contained herein during the many decades since ADAAG's adoption.  Congress did not require handicapped people to beg for access— the duty lies with the property owner and business to comply with the law.

34.     Plaintiff is certain to return to the Premises again in the future because it is the best full-service floral shop in northern Utah County and the flower shop nearest to her home in American Fork. She often purchases flowers there to honor her grandchildren when they are in school plays or are graduating from one level to another. She is certain to return to the location again in the future.

35.     The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendant.

36.     As a result of Defendant's unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress indignity and limitations to their personal freedom.

37.     Plaintiff believes that the Premises has additional violations of ADAAG including, but not limited to, accessibility problems with the bathrooms. Plaintiff did not want to disrupt the business operations at the Premises and so primarily performed exterior measurements at the Premises that would not alarm or interfere with other patrons of the Premises. Plaintiff would like to meet representatives of the Defendant at the Premises to do a full inspection to document other violations of ADAAG. If a mutual visit is not agreeable,

Plaintiff will make a motion for the inspection of real property seeking a full inspection of the

Premises allowing specific pleading regarding other violations of ADAAG not detailed herein.

**FIRST CAUSE OF ACTION**
**Injunction for Violation of Title III of the ADA**

38.     Plaintiff incorporates the foregoing paragraphs herein.

39.     Title III of the Americans with Disabilities Act expressly prohibits discrimination

on the basis of disability in the full and equal enjoyment of the goods, services, privileges or

accommodations by any person owns, leases or operates any place of public accommodations.[15]

40.     Defendant owns, leases and/or operates a place of public accommodation and are

subject to the requirements of Title III of the ADA[16].

41.     Under the ADA, failure to remove architectural barriers to access by disabled

persons, where readily achievable, constitutes discrimination.[17]

42.     The Department of Justice defined "readily achievable" as meaning "easily

accomplishable and able to be carried out without much difficulty or expense"[18].

43.     Defendant has engaged in discriminatory practices by: 1) failing to construct its

facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with

ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access,

---

[15] 42 U.S.C. §12101.
[16] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[17] 42 U.S.C. §12181(2)(A).
[18] 28 C.F.R. 6.304(a).

where removal is readily achievable and 4) operating its facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

44.     Defendant has continued its discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

45.     Because of Defendant's unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

46.     Plaintiff is entitled to a permanent injunction requiring Defendant to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

47.     Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

48.     Plaintiff incorporates the foregoing paragraphs herein.

49.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

50.     Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendant with regard to each of Defendant's violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility.

## THIRD CAUSE OF ACTION
## Nuisance Under Utah Code Ann. 78B-6-1101, *et. seq.*

51.     Plaintiff incorporates the foregoing paragraphs herein.

52.     Pursuant to Utah Code Ann. §78B-6-1101(1), "A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. A nuisance may be the subject of an action."

53.     "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."[19] "Upon judgment, the nuisance may be enjoined or abated, and damages may be recovered."[20]

54.     Defendant's failure to remove architectural barriers to access by persons with disabilities, as required by the ADA, has created a public nuisance which injuriously affects persons with disabilities and interferes with their personal enjoyment

55.     Plaintiff's personal enjoyment of life has been lessened by the nuisance, thus she is entitled to bring suit and recover damages, including damages for pain and suffering.

56.     Plaintiff is entitled to an award of attorney's fees and costs incurred in bringing this suit under Utah Code Ann. §78B-6-1114.

---

[19] Utah Code Ann. §78B-6-1101(6).
[20] Utah Code Ann. §78B-6-1102(2).

## FOURTH CAUSE OF ACTION
## Wrongful Gains/Unjust Enrichment

57.     Plaintiff incorporates the foregoing paragraphs herein.

58.      Defendant's failure to construct or configure its facility in a manner which complies with the ADA and refusal to remove architectural barriers to access by disabled persons has conferred an economic benefit on Defendant.

59.     Defendant has failed to comply with the requirements of the ADA and remove barriers to access by disabled persons on its premises.

60.     Defendant has gained an economic advantage and has been unjustly enriched by "cutting corners" in construction to exclude building features intended to aid access by disabled persons.

61.     Under the principles of equity, Defendant should not be allowed to retain the benefit of its ill-gotten gains at the expense of disabled persons such as Plaintiff and should be ordered to disgorge the full amount of economic gain to Plaintiff for requiring her to bring this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

A.      For a permanent injunction requiring Defendant to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B.      For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendant with regard to each of Defendant's violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility;

C.      For a permanent injunction enjoining Defendant from maintaining the nuisance on its premises pursuant to Utah Code Ann. §78B-6-1102(2).

D.      For an award of compensatory and punitive damages (in an amount to be determined at trial) to Plaintiff under Utah Code Ann. §78B-6-1102(2) for the nuisance created by Defendant;

E.      For an order of the Court ordering Defendant to disgorge all amounts (as deemed appropriate by the Court) improperly retained by Defendant through its failure to construct an ADA-compliant premises and/ or its failure to remove barriers to access by persons with disabilities.

F.      For an award compensating Plaintiff for damages, including but not limited to pain and suffering incurred due to the illegal architecture and public nuisance; and

G.      For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205 and the Utah Code on public nuisances at §78B-6-1114; and

H.      For any and all other relief the Court deems just and equitable.

DATED this 20th day of June, 2016.

FORD & CRANE PLLC


/s/      Adam D. Ford
Adam D. Ford (UTB# 11363)
Matthew B. Crane (UTB# 13909)
*Attorneys for Plaintiff*